UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA A. ROBINET, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 574 |
| | ) | |
| v. | ) | Judge Coleman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION TO DISMISS FOR
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The United States of America, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and in support states as follows:

1. On or about November 5, 2018, plaintiff Linda A, Robinet commenced the above civil action against Yam S. Tong, D.O., alleging medical malpractice. For purposes of this lawsuit, PCC Community Wellness Center is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. In addition, Yam S. Tong, D.O. was acting within the scope of his employment at the Center with respect to the incidents referred to in the complaint.

2. On January 29, 2019, the case was removed to the United States District Court for the Northern District of Illinois, and the United States was substituted as the federal defendant in place of Yam S. Tong, D.O., pursuant to 42 U.S.C. § 233.

3. This case is governed by 42 U.S.C. § 233, which makes the tort remedy against the United States provided in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672, the "exclusive" jurisdictional basis for a common law tort claim against the an employee of the Public Health Service "while acting within the scope of his office or employment." *See* 28 U.S.C.

§§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992). Upon removal, this civil action is "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto." 42 U.S.C. § 233(c).

4. No FTCA action can be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings*, 463 F.2d at 1179; *see United States v. Kwai Fun Wong,* 135 S. Ct. 1625, 1633 (2015) (indicating that the requirement is jurisdictional).

5. A search of the Department of Health and Human Services' computerized database of administrative tort claims reveals that plaintiff presented an administrative tort claim to the Department on November 5, 2018, but that the claim has not been denied (and six months have not passed since the claim was presented). Exhibit A (Declaration of Meredith Torres); *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (noting that in a motion to dismiss the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists).

WHEREFORE, this case should be dismissed for failure to exhaust administrative remedies.

>
> Respectfully submitted,
>
> JOHN R. LAUSCH, Jr.
> United States Attorney
>
> By: s/ Gina Brock
>     GINA BROCK
>     Assistant United States Attorney
>     219 South Dearborn Street
>     Chicago, Illinois 60604
>     (312) 353-7919
>     gina.brock@usdoj.gov